[Cite as *State v. Hiles*, 2026-Ohio-2753.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

JOHN R. HILES,

    DEFENDANT-APPELLANT.

CASE NO. 17-26-02

**OPINION AND JUDGMENT ENTRY**

Appeal from Shelby County Common Pleas Court
Trial Court No. 25CR000047

**Judgment Affirmed**

**Date of Decision: July 20, 2026**

APPEARANCES:

    *Christopher R. Bucio* **for Appellant**

    *Madison S. Brinkman* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant John R. Hiles ("Hiles") brings this appeal from the judgment of the Common Pleas Court of Shelby County sentencing him to consecutive sentences. Hiles claims on appeal that the trial court erred by failing to make findings on Hile's objections concerning alleged factual assertions within the presentence investigation report ("PSI"). For the reasons set forth below, the judgment is affirmed.

{¶2} On February 20, 2025, the Shelby County Grand Jury indicted Hiles on one count of rape in violation of R.C. 2907.02(A)(2), a felony of the first degree. The basis of the claim was that on January 27, 2025, Hiles allegedly engaged in sexual conduct with the victim by compelling her to submit by force. The parties reached a plea agreement in which the State agreed to amend the original charges to two counts of attempted abduction with sexual motivation in violation of R.C. 2923.02 and 2905.02, felonies of the fourth degree and one count of unlawful restraint with sexual motivation in violation of R.C. 2905.03(B), a misdemeanor of the third degree. The State also agreed to remain silent as to sentencing, except it would be permitted to argue for consecutive sentences if prison terms were imposed. Hiles agreed to enter pleas of guilty to the charges in the bill of information. The basis of these charges was that on January 27, 2025, Hiles allegedly attempted to restrain the victim through force by pulling her pants down and holding her ankles

in order to engage in sexual conduct; attempted to restrain the victim through force by covering her in a blanket on the bed so that she could not leave; and restraining the victim by pulling her to the ground in an attempt to have sexual contact. Hiles waived indictment by the grand jury, service of the bill of information, and the reading of the bill of information.

{¶3} On November 20, 2025, a hearing was held on the change of plea. After the colloquy with the trial court, Hiles entered pleas of guilty to each of the charges. The trial court accepted the pleas and found Hiles to be guilty. Sentencing was deferred pending the completion of the PSI.

{¶4} The trial court held a sentencing hearing on January 5, 2026. At the hearing, counsel for Hiles stated that he had a chance to review the PSI. Counsel then stated that he had "no additions or corrections from that." Tr. 4. Hiles gave a statement apologizing to the victim. Then the victim and her daughter gave statements to the trial court. Counsel for Hiles also submitted a sentencing memorandum on behalf of Hiles. Hiles argued that the appropriate sentence was community control. The State, per the agreement, did not argue for any specific sentence, but did argue that if the trial court imposed prison terms, they should be served consecutively. The trial court indicated that it had considered the record, oral statements made at the hearing, victim impact statements, the PSI and the statutory provisions in R.C. 2929.11 and 2929.12. The trial court imposed prison

terms of 15 months for each of Count 1 and Count 2.[1]  The trial court then ordered that the 15 month sentence on Count 2 should be served consecutive to that of Count 1 for an aggregate prison term of 30 months.   In support of the consecutive sentences, the trial court made the findings required by R.C. 2929.14(C)(4).  Hiles appealed from this judgment and on appeal raised the following assignment of error.

> **The trial court erred by failing to make a finding on [Hiles']
> defense counsel's objection concerning alleged factual assertions
> within the PSI, in violation of [R.C. 2951.03(B)(5)].**

{¶5} Hiles sole assignment of error claims that the trial court erred by not complying with R.C. 2951.03(B)(3) and (5).  The statute provides in pertinent part as follows.

> (3) If the court believes that any information in the presentence investigation report should not be disclosed pursuant to division (B)(1) of this section, the court, in lieu of making the report or any part of the report available, shall state orally or in writing a summary of the factual information contained in the report that will be relied upon in determining the defendant's sentence. The court shall permit the defendant and the defendant's counsel to comment upon the oral or written summary of the report.
>
> . . .
>
>  (5) If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:
>
> (a) Make a finding as to the allegation;

---

[1] The trial court found that any sentence imposed with Count 3 would be required to be served concurrently with Counts 1 and 2, so merged it without imposing a separate sentence.

> (b) Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant.

R.C. 2951.03. At the sentencing hearing, counsel for Hiles made the following statements to the trial court.

> If I may please this honorable court, I've had a chance to review the PSI report that was issued in this case. I have no additions or corrections from that.

Tr. 4. Counsel then noted the information in the report that was positive for Hiles.

{¶6} Hiles claims that the trial court erred by failing to make findings regarding suggested inaccuracies. However, a review of the record shows that there were no alleged factual inaccuracies. During its argument for consecutive sentences, the State said there were two separate instances. Later the State clarified its statement by stating the following.

> There was one incident that resulted in the original charge. But during that incident, the victim was able to get away from the defendant and he followed her and pinned her down a second time.

Tr. 9.

Counsel for Hiles objected to the State's claims and the following dialogue occurred.

> [Counsel]: Just for the record, Your Honor, you know, to keep the record clean, first of all, I'd object to it being one course of a – or multiple courses of action. I believe it was one course of action that my client has stipulated to. And it was one sexual encounter, not two.
>
> And I believe that I'm not going to call it what the State's saying is a stretch – I just don't agree. I don't believe that the facts are that. I

think it's one animus, one action. And from my perspective . . . this seems to be a case that they should merge as one for whatever sentence that you do.

. . .

The Court: There are two different counts – or actually three different counts. Attempted abduction with sexual motivation is two of the counts that were pled to. But there's also unlawful restraint with sexual motivation, which is three – and those would certainly merge, of course?

[Counsel]: Right.

The Court: But there are – there are – again, there are two counts and you objected and I think you really meant to say you disagreed with what counsel said.

[Counsel]: Yeah. And I didn't mean to object. I disagree in – in that respect for the record. But certainly, you know, I understand where the State's coming from. And I knew they were going to make today's argument[.]

Tr. 10-11. The record shows that counsel did not object to any factual error in the PSI. Counsel's statement was directed at the argument made by the State. Counsel clarified that he was not objecting, merely disagreeing as to how the acts should be viewed for the purpose of sentencing. As no factual errors are alleged, R.C. 2951.03(B)(5) is not implicated and the trial court was not required to make any findings.

{¶7} Even if we were to determine that a factual error was alleged and the trial court should have addressed it, the record shows no evidence that any prejudice resulted from the trial court not doing so. The victim testified as to what occurred

at the hearing. She testified that the two events charged occurred at separate times and in separate locations. The victim testified that the first incident occurred in the living room and discussed in detail all that Hiles had done to her, including holding her down and ripping her pants off of her. She then testified that when he was done assaulting her, she managed to run away from him and get into the bedroom where she locked herself away from him. Hiles forced his way into the room and again restrained her. The gap in time shows that these were two separate events with distinct harm and separate animus. *State v. Herzner*, 2021-Ohio-4244, ¶ 23 (12th Dist.). As the testimony of the victim supported the trial court's conclusion that they were separate and distinct offenses, no prejudice would result from the trial court's lack of findings regarding the facts alleged in the PSI. The assignment of error is overruled.

{¶8} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Common Pleas Court of Shelby County is affirmed.

***Judgment Affirmed***

**MILLER and WALDICK, J.J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

John R. Willamowski, Judge

Mark C. Miller, Judge

Juergen A. Waldick, Judge

DATED:
/hls